ROBERT A. MCCUTCHEON v. FRANKLIN (VIL.)

**Necessary Declaration by Council in Ordering Public Improvement.**
    The requirement found in amended Sec. 3812 G. C. that, in author-
    izing an improvement, council shall find and declare not only
    the necessity therefor but also that it will conduce to the public
    health, convenience or welfare, has reference to the improve-
    ment of ditches, etc., as specified in the amendment, and not
    to the numerous street, alley, sidewalk, curb and other im-
    provements provided for in the section as it stood in its original
    form.

APPEAL.

*Gaynor & Harding,* for plaintiff.
*Arthur Bryant* and *Ben Harwitz,* for defendant,

**JONES, J.**

Plaintiff seeks an injunction, as a taxpayer, against the village of Franklin and its mayor and clerk from entering into a contract for the improvement of certain parts of Park avenue, Center, Front and Second streets in said village, from proceeding with said improvements, or issuing bonds to pay for any part of the cost thereof.

1. It is first contended that Sec. 3812 G. C.; as amended 101 O. L. 134, requires a finding and declaration by council not only of the necessity of such improvement, which is required under Sec. 3814, G. C., but also that such improvements are conducive to the public health, convenience or welfare; otherwise, that no assessment can be levied for the cost of said improvement.

The language that was inserted in Sec. 3812 by the amendment of April 10, 1910, above referred to is relied upon for this contention. The new language inserted by that amendment in Sec. 3812 is as follows:

"And any part of the cost and expense connected with or made for changing the channel of, or narrowing, widening, dredging, deepening or improving any stream or watercourse, and for constructing or improving any levee or levees, or boulevards thereon, or along or about the same, together with any retaining wall or riprap protection, bulkheads, culverts, approaches, flood gates or waterways or drains incidental thereto, which the council may declare conducive to the public health, convenience or welfare" * * *

It will be observed by an examination of Sec. 6443 G. C., relating to county ditches, and Sec. 6612 G. C., relating to township ditches, that the purpose of this amendment was to permit the improvement of water courses, ditches and drains and the appurtenances thereto in a manner similar to county and township ditch improvements, and that the declaration that such improvements were conducive to public health, convenience or welfare has always been embraced as an essential in the ditch law; and in the opinion of the court the intention of the Legislature in this amendment to Sec. 3812 G. C., was to require the declaration that such improvement would be conducive to the public health, convenience or welfare, to apply only to such improvements as are included in the new language imported into the section by this amendment, and not in any way to apply to the numerous improvements provided for in that part of the section as it existed before the amendment.

2.   It is contended that no plans, specifications, estimates and profiles for the proposed improvement were prepared or approved by council at the time of the passage of the resolution declaring it necessary to improve said streets. The recital embraced in Sec. 3 of the improvement resolution, a copy of which was offered in evidence, is in itself sufficient to refute this claim. Said resolution to improve was passed April 17, 1916, and bears the signature of both the mayor and the clerk. Sec. 3 thereof is as follows:

"That the plans, specifications, estimates and profiles of the proposed improvements heretofore prepared by the engineer of said village and now on file in the office of the clerk thereof, be, and the same are, hereby approved."

There was, however, considerable testimony offered on the

subject of the approval of the specifications. The original specifications as prepared by the engineer are in evidence. The mayor testified that he saw no copy of the specifications as approved until bids were submitted by the bidder. The clerk testified that plans and specifications for these improvements were not on file on April 17; but he admitted in his testimony that he never marked specifications with the date of filing or approval as his duties as village clerk would require; and he further admitted that he gave to the village attorney the original specifications two or three days after the council meeting, for the purpose of permitting exact copies to be made by the attorney and the engineer for the use of bidders; and he fails to explain where he got these original specifications unless they were left with him at the council meeting. On the other hand, the engineer testified that the original specifications, plans, profiles and estimates were prepared by him and were brought to the council meeting and submitted to council—being laid upon the table in front of the clerk on the evening of April 17, prior to the reading and passage of the resolution declaring the necessity of said improvements. His testimony is supported by that of four members of council and also by that of the village attorney. The further fact appeared from the testimony of one member of council as well as that of the attorney, that the resolution declaring the necessity of the improvement had been prepared by the attorney and was ready for introduction at a previous meeting of council, about two weeks before that of April 17, and that it was not then introduced for the reason that the attorney advised council that the law required that the specifications should be prepared and approved before the passage of the resolution. This requirement is found in Sec. 3815 G. C. The resolution declaring the necessity of the improvement as provided by Sec. 3814 G. C., has been held to be a condition precedent to the levy of a valid assessment for a street improvement. *Welker* v. *Porter,* 18 Ohio St. 85; *Stephan* v. *Daniel,* 27 Ohio St. 527, 531.

The original specifications are prepared upon printed blank forms, with some pen and ink changes and some typewritten changes, sections written out and pasted over printed sections, and some blanks are filled in with lead pencil. Their condition

McCutcheon v. Franklin.

is far from complimentary to the engineer who prepared them. The copies which were prepared for the use of bidders are not in all respects the exact copies of the original; but under the terms of the bid, the original specifications would bind where any discrepancies appear. The only important discrepancy noticed, between the form used by the successful bidder and the original adopted by council, is in relation to the proportion of gravel required in the concrete. This in the original is six parts, while in the copy bid upon it is seven parts. However, as before stated, in case of any discrepancy the original specifications control.

The village has no municipal office open other than at council meetings, and has limited facilities for carrying on the necessary clerical work connected with its matters, but the proceedings in regard to this letting seem to have been had with a carelessness considering the cost of the improvements and the importance of the work, that subjects the public officials to merited criticism. However, the court finds, upon a consideration of the evidence, that the specifications, plans, profile and estimates were duly approved by council as part of and concurrent with the adoption of the resolution declaring the necessity to improve these streets.

3. It is further contended that the specifications and advertisement did not specify any particular kind of brick to be used in the pavement of these streets, but that bids were taken upon several kinds, and the particular brick to be used was selected at the time of the award of the contract.

We find no inhibition in the law against this mode of procedure. On the contrary, it has been upheld in the cases of *Scott* v. *Hamilton*, 29 O. C. C. 652 (7 N. S. 493), and *Tucker* v. *Newark*, 10 Circ. Dec. 437 (19 R. I.) ; and our own court has sustained alternative bids on different materials and methods of construction in the awarding of the contract for the building of the Hamilton county court house, in *State* v. *Green*, 39 O. C. C. 636 (22 N. S. 1).

4. Another objection is that the contract was not let to the lowest bidder.

The statute under which the letting was made, Sec. 3833 and 4328, authorizes the letting "to the lowest and best bidder." The evidence shows that Bigler Bros., to whom the award was

made, were not the lowest bidders. But it has frequently been held that in the absence of allegations of fraud and collusion —which are not charged in plaintiff's petition—courts will not interfere with the exercise of discretion by public officers in determining who is the lowest and best bidder. This rule is so well settled in Ohio that it is hardly necessary to cite cases. *State* v. *Columbus* (*Bd. Pub. Ser.*), 81 Ohio St. 218, 225 [90 N. E. 389]; *State v. Hermann*, 63 Ohio St. 440 [59 N. E. 104]; *Scott* v. *Hamilton, Supra*, (N. S.), 493; *Yaryan* v. *Toledo*, 28 O. C. C. 259 (8 N. S. 1); *Coppin* v. *Hermann*, 9 Dec. 146 (6 N. P. 452), affirmed no op. *Coppin* v. *Hermann*, 63 Ohio St. 572.

5. Another objection, and the last which is necessary to notice, is that the making of these improvements would require bond issues by the village of Franklin in excess of the amount authorized by law.

A careful consideration of the evidence shows that there is no question but that authority lies in the council, if it so desires, to issue the necessary bonds without exceeding the limitation fixed by law, even though it may become necessary to reduce some other expenses, although that necessity is not apparent from the evidence before us.

The finding of the court is therefore in favor of the defendant, and plaintiff's petition is dismissed at his costs.

GORMAN and HAMILTON, JJ., concur.